IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **GRACE LAVENDER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**AMERICAN RESIDENTIAL SERVICES, LLC,** a Delaware registered company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Grace Lavender ("Lavender" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant American Residential Services LLC ("ARS" or "Defendant") to stop Defendant from violating the Telephone Consumer Protection Act by making unsolicited, pre-recorded calls to consumers, including consumers on the National Do Not Call Registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by ARS's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Lavender is a Jefferson, Georgia resident.

2. Defendant ARS is a Delaware corporation headquartered in Memphis, Tennessee with operational centers in Georgia. ARS conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because Defendant operates operational centers in this District, does significant business here, and because the wrongful conduct giving rise to this case was directed to this District.

## INTRODUCTION

5. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 20. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

6. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

7. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

8. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

9. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

## INTRODUCTION TO ARS

10. ARS runs a network of company-owned locations throughout the U.S. that provide heating, air conditioning, plumbing and sewer and drain services to residential consumers and businesses.[1]

11. ARS places pre-recorded calls in which it identifies itself as ARS and/or Rescue Rooter.

12. ARS's pre-recorded calls are for the purpose of marketing ARS's services to consumers.

13. ARS places these pre-recorded sales calls to consumers without obtaining their prior express written consent.

14. ARS made numerous unsolicited calls to Plaintiff's cell phone and left numerous pre-recorded voicemails in Plaintiff's cell phone voicemail, despite Plaintiff's requests for the calls to be stopped.

15. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to stop making pre-recorded voice sales calls to consumers without their consent, as well as an award of statutory damages to the members of the Class and costs.

### ARS Markets its Services by Placing Pre-recorded Calls to Consumers Without Their Consent

16. ARS makes pre-recorded calls to consumers without obtaining their prior written express consent.

---

[1] https://www.ars.com/about-us

17. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all … pre-recorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

18. ARS's pre-recorded voice calls therefore violate the TCPA.

19. In job postings, ARS reveals that it utilizes the Five9 Cloud Contact Center, which includes the use of pre-recorded calls.

**Requirements**
- Must be able to type 35 wpm
- Minimum of 2 years of previous experience handling inbound and outbound calls, telemarketing, inside sales and/or telesales
- Must display an assertive and positive behavior and have the ability to multi-task. (This is not an option but a requirement).
- Must have excellent verbal and written communication skills, which includes the use of proper telephone etiquette
- Must be computer literate with knowledge of Word, Excel, Outlook
- Must be able to sit for long periods of time
- Must be flexible with work schedule: Willing to work evenings, weekends, and holidays
- Prior knowledge working with Five9 Cloud Contact Center is a plus [2]

20. Five9 gives Defendant the ability to make pre-recorded calls to consumers:

**Automation**

**Voice Detection**
Decides response type by determining if voice is a human response or an answering machine.

**Voice Broadcast**
Presents a prerecorded audio message when the call is answered. [3]

---

[2] https://www.linkedin.com/jobs/view/web-lead-coordinator-8108-at-american-residential-services-1515340224/
[3] *Id.*

4

21. There are many complaints online regarding Defendant's unwanted solicitation calls to consumers, including complaints from consumers who asked for the calls to stop, but who still continued to receive solicitation calls:

- "ars. I have told them to stop calling."[4]

- "ARS constantly calling to perform ac/heater unit check. 3 to 5 times a day!"[5]

- "ARS service call"[6]

- "ARS rescue rooter furnace special."[7]

- "Unsolicited call"[8]

- "ARS business call"[9]

- 2 people reported 919-828-5147 as calling using a pre-recorded message. Online reports show this phone number is used by ARS.[10]

**PLAINTIFF'S ALLEGATIONS**

**ARS Placed Pre-recorded Calls to Plaintiff's Cell Phone Number Without Her Consent, Despite Plaintiff Having Her Phone Number Registered on the DNC, And Despite Requests for the Calls to Stop**

22. Plaintiff Lavender registered her cell phone number on the DNC on June 29, 2011. Plaintiff's cell phone number has never been associated with a business and is used by Plaintiff as one would use a landline telephone number in a home.

23. On or around August 7, 2019, Plaintiff started receiving calls to her cell phone number from Defendant using phone number 770-908-8488.

24. Plaintiff did not answer the calls.

25. Plaintiff received as many as 5 unsolicited calls from Defendant in one day to her

---

[4] https://www.shouldianswer.com/phone-number/7137777777
[5] *Id.*
[6] *Id.*
[7] https://www.shouldianswer.com/phone-number/3034186001
[8] https://www.shouldianswer.com/phone-number/9198285147
[9] https://www.shouldianswer.com/phone-number/7138561344
[10] https://www.reportedcalls.com/9198285147

5

cell phone, such as on August 16, 2019.

26. Defendant left numerous pre-recorded voicemails on Plaintiff's cell phone voicemail regarding heating and air conditioner systems that Plaintiff had never inquired about. Plaintiff noted that the voicemails were left by the same agent, using the same wording and spoken in the same tone, indicating the use of a pre-recorded message.

27. After receiving calls and pre-recorded voicemails on her cell phone for more than 50 days, Plaintiff called 770-908-8488 and spoke with a live agent. Plaintiff explained that she was receiving unsolicited calls, that the calls were not relevant to her, as she does not own a property and Plaintiff asked for the calls to be stopped.

28. Despite her request for the calls to stop, Defendant continued to place calls, including pre-recorded calls to Plaintiff's cell phone.

29. Plaintiff Lavender placed additional calls to 770-908-8488 asking for the calls to be stopped.

30. One agent of ARS that Plaintiff spoke to explained that it would be difficult to stop the calls to the Plaintiff's cell phone number because although the calls identified on the Plaintiff's cell phone number show as 770-908-8488, that number is spoofed, and a packet of many numbers is used to initiate the calls and it would be difficult to identify which of those numbers is initiating the calls. Plaintiff told the agent that ARS was breaking the law and stop the calls. Plaintiff continued to receive more calls after this conversation.

31. 770-908-8488 is a phone number commonly associated with ARS and if called back the pre-recorded message identifies itself as ARS Rescue Rooter.

32. When 770-908-8488 is called, an automated system identifies the company as being ARS/Rescue Rooter.[11]

---

[11] As of January 12, 2020

33. Plaintiff does not have a relationship with ARS, or any of its affiliated companies, nor has she ever consented to any contact from Defendant.

34. Simply put, ARS did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls to her using a pre-recorded voice message.

35. Defendant's unauthorized telephone calls harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Lavender's use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

36. Seeking redress for these injuries, Lavender, on behalf of herself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded voice calls to residential landline numbers and cellular phone numbers, as well as solicitation calls to residential landline and cellular phone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by ARS

37. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or agents acting on behalf of Defendant) called on their cellular phone number or residential landline number (2) using a pre-recorded voice message (3) for substantially the same reason Defendant called Plaintiff and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.
>
> **Pre-recorded Stop Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or agents

7

acting on behalf of Defendant) called on their cellular phone number or residential landline number (2) using a pre-recorded voice message (3) for substantially the same reason Defendant called Plaintiff (4) after they told Defendant to stop calling.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on their residential cellular or landline number, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

**Internal Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on their residential cellular or landline number, (2) within any 12-month period, (3) for the purpose of selling Defendant's products and services.

38. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

39. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)  whether Defendant utilized a pre-recorded voice message when placing calls to Plaintiff and the members of the Pre-recorded No Consent Class;

    (b)  whether Defendant placed calls to Plaintiff and members of the Class who had their phone numbers registered on the DNC;

    (c)  whether Defendant placed calls to Plaintiff and members of the Classes without first obtaining consent to make the calls;

    (d)  whether Defendant continued to place calls to Plaintiff and members of the Class after being told to stop calling;

    (e)  whether Defendant maintains a functional internal do not call system in order to stop calling consumers such as Plaintiff and members of the Class who asked for the calls to stop;

    (f)  whether Defendant's conduct constitutes a violation of the TCPA; and

    (g)  whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Classes.

42. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
Telephone Consumer Protection Act
(Violations of 47 U.S.C. § 227)
(On Behalf of Plaintiff Lavender and the Pre-recorded No Consent Class)

43. Plaintiff repeats and realleges paragraphs 1 through 42 of this Complaint and incorporates them by reference herein.

44. Defendant and/or its agents made unwanted solicitation telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

45. These pre-recorded voice message calls were made *en masse* without the consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

46. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages for each violation, and up to $1,500 in damages for each violation in the event that the Court determines that Defendant's conduct was willful and knowing.

**SECOND CAUSE OF ACTION**
Telephone Consumer Protection Act
(Violation of 47 U.S.C. § 227)
(On Behalf of Plaintiff and the Pre-recorded Stop Class)

47. Plaintiff repeats and realleges paragraphs 1 through 42 of this Complaint and

10

incorporates them by reference.

48. Defendant and/or its agents made unwanted solicitation telephone calls to telephone numbers belonging to Plaintiff and the other members of the Pre-recorded Stop Class after being told to stop calling.

49. These solicitation telephone calls were made *en masse*.

50. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded Stop Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### THIRD CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

51. Plaintiff repeats and realleges the paragraphs 1 through 42 of this Complaint and incorporates them by reference herein.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[12]

54. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

---

[12] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**FOURTH CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

57. Plaintiff repeats and realleges paragraphs 1 through 42 and 53 of this Complaint and incorporates them by reference.

58. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

59.     Defendant placed solicitation calls to Plaintiff and members of the Internal DNC

13

Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendants to initiate telemarketing calls. 47 C.F.R. 64.1200(d)(1)-(6).

60.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

61.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to between $500 and $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lavender, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**GRACE LAVENDER**, individually and on behalf of those similarly situated individuals


Dated: March 2, 2020

By: */s/ Tristan W. Gillespie*
Tristan Gillespie, Esq. (Ga Bar No. 268064)
5150 College Farm Rd.
John's Creek, GA 30022
Telephone: (404) 276-7277
Gillespie@tristan@gmail.com

Stefan Coleman (FL Bar No. 30188)*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (Fl Bar No. 84382)*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Pro Hac Vice motions forthcoming*

*Attorneys for Plaintiff and the putative Class*